**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:      Lindapone Phanprasa v. The State of Texas

Appellate case number:   01-19-00487-CR

Trial court case number:  1470812

Trial court:                    178th District Court of Harris County

On April 28, 2020, this appeal was abated to determine whether (1) appellant still wished to pursue this appeal; (2) appellant's retained counsel, Garrick Farria, has abandoned the appeal; and (3) if retained counsel has abandoned the appeal, whether appellant is indigent and entitled to appointment of counsel and a copy of the record at no cost. Our abatement order required a hearing to be held within 20 days and a supplemental record to be filed within 30 days. To date, however, a supplemental record has not been filed.

Accordingly, we continue to abate the appeal and remand the cause to the trial court to conduct another hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Garrick Farria, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;

2) If appellant wishes to pursue this appeal, then determine whether appellant's counsel, Garrick Farria, has abandoned the appeal;

3) If counsel Garrick Farria has not abandoned the appeal, then

    a. inquire of counsel the reasons, if any, that he has failed to respond to this Court's notice, arrange payment for the reporter's record, or file a brief on appellant's behalf; and

    b. set a date certain when counsel will pay or make arrangements to pay for the reporter's record no later than **20 days** from the date of the hearing.

4) If counsel Garrick Farria has abandoned the appeal, then

    a. Determine whether appellant is now indigent, and if appellant is indigent,

(i) appoint substitute appellate counsel at no cost to appellant and (ii) order the court reporter to file the reporter's record in this case within **20 days** of the date of the hearing, at no cost to appellant;

b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:

1. determine whether appellant is knowingly and intelligently waiving her right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **20 days** from the date of the hearing by which appellant must hire substitute counsel; and

2. provide a deadline of no more than **20 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the reporter's record and further notify appellant that failure to provide such evidence may result in consideration of her appeal without a reporter's record.

5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

6) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04, TEX. R. APP. P. 38.8(b).

The court coordinator of the trial court shall set a hearing date no later than **20 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **30** days from the date of this order. The trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court within **30 days** from the date of this order.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: _____/s/ Sarah B. Landau_____
                                  Acting individually

Date: ___January 11, 2022___